HUET v. LUMBER CO.

(Filed May 23, 1905.)

*Corporations — Sale of Stock — Injunction — Receivers— Stockholder's Rights.*

1. Where the directors of a corporation, being authorized to issue and sell stock, not exceeding the amount authorized by the charter, made a sale and issued the stock, it is too late for interference by injunction.

2. A solvent corporation cannot be placed in the hands of a receiver to enable a stockholder who has deposited his stock with the corporation, as collateral for a debt, to have an account of its assets.

3. A stockholder has no property in the assets of a corporation in the sense that he may control it otherwise than as the charter directs.

ACTION by William C. Huet against Piedmont Springs Lumber Company and others, pending in the Superior Court of BURKE County, heard, by consent, by *Judge Walter H. Neal,* at Salisbury, on the 17th day of February, 1905, upon a motion to continue to the hearing, an injunction and restraining order theretofore granted.

The plaintiff entered into a partnership with the defendants, Birdsall and Coolbaugh, for the purpose of manufacturing and selling timber. They afterwards organized a corporation chartered as The Piedmont Springs Lumber Co. The property of the partnership was conveyed to the corporation—shares being issued to the parties representing the interests of the members of the partnership. There were issued to the plaintiff 21 shares, and in addition thereto 49 shares in payment of which he executed his note to the corporation for $4,900, depositing his holdings of 70 shares as security therefor. There was an agreement by the terms of which the plaintiff was employed as the superintendent

at a fixed salary.   At a meeting of the stockholders, the directors were authorized to sell additional stock, not exceeding the authorized capital stock authorized by the charter.   The plaintiff alleges that the 49 shares for which he gave his note were to be paid for out of the profits of the business.   This is denied by the defendants.   After the maturity of the note, the directors held a meeting in the city of Philadelphia and abolished the office of superintendent.   At the same meeting, the secretary was directed to notify the plaintiff that the corporation would sell the stock so hypothecated, at a time and place named, for the payment of the note of $4,900.

The directors also sold to the defendants, A. L. and F. Lueker, 140 shares of the capital stock of the corporation of the par value of $100 per share for the sum of $10,000. To this the plaintiff objected.   The defendants admit the sale of the stock and allege that the property conveyed to the corporation was over-valued by the plaintiff and that the stock was not worth par; that the corporation was in need of money and that efforts were made to sell stock at par without success; that the sale to Leuker had been consumated, the money paid, and the stock issued prior to the beginning of this action.   The plaintiff avers that the corporation is amply solvent and that his share of the profits from the business, as shown by a schedule of its assets, are sufficient to pay the note of $4,900.   The defendants admit solvency, but deny that the assets are of the value alleged, and set out at much length the history of the dealings between the plaintiff and the corporation, the reasons which induced the directors to abolish the office of superintendent, etc.   The plaintiff prays that the sale of the stock to Leuker be declared void and enjoined; that the sale of his stock be enjoined until he can have an account of the assets of the corporation taken, and that a receiver be appointed.   From an order vacating the restraining order and refusing an injunction the plaintiff appealed.

Huet *v.* Lumber Co.

*John T. Perkins* for the plaintiff.
*Avery & Ervin* for the defendants.

Connor, J., after stating the facts: His Honor states that he finds by an examination of the affidavits that whatever equity is set out by the plaintiff is fully met and negatived by the defendants and the proofs offered. We have examined the affidavits in the record and concur in this opinion.

In regard to the issue of the 140 shares of stock to the defendants, Lueker Bros., it appears that it is a fact accomplished. The money has been paid and the stock issued. The directors were authorized to issue and sell stock not exceeding the total amount of authorized capital stock. It is doubtful whether this express power conferred by the resolution authorized the sale at less than par. 10 Cyc., 763; Womack Pr. Corp., 208. However this may be, the sale having been made, it is too late for interference by the injunctive power of the court. If the plaintiff wishes to attack the issue, he is in a position to do so when the cause shall come on to a hearing. 1 Cook on Stock and Stockholders, 30-44; 26 Am. & Eng. Enc. (2nd Ed.), 842. If he desires to enjoin its transfer, pending the litigation, he may by motion in the cause, for good cause shown, do so.

We can see no reason why the operation of a solvent corporation shall be stopped and its affairs put into the hands of a receiver to enable the stockholder, who has deposited his stock as collateral for a debt, to have an account of its assets. It is elementary learning that a stockholder has no property in the assets of a corporation, in the sense that he may control it otherwise than as the charter directs. If he gives his note to the corporation in payment of his stock, it is a debt due the corporation, which, until paid, is an asset. Womack Pr. Corp., 197. If the assets of the corporation are as valuable as the plaintiff avers, he has the benefit of them in the enhanced value of his stock which he may redeem or if sold

obtain a large price therefor. We are unable to perceive why he should be permitted to have the court place the corporate property in the hands of a receiver. It would seem that the appeal is a fruitless venture. The court having refused the injunction there was no legal reason why the corporation should not proceed with the sale. We forbear expressing any opinion upon the merits of the controversy. The judgment is

Affirmed.